UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NATHAN REARDON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:25-cv-00187-LEW |
| | ) | |
| ANDREW LIZOTTE, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff alleges that Defendant, an Assistant United States Attorney, violated Plaintiff's constitutional rights during the Government's criminal prosecution of Plaintiff. (Complaint, ECF No. 1.) Plaintiff also filed a motion to proceed without prepayment of fees, which motion the Court granted. (Motion, ECF No. 4; Order, ECF No. 5.)

In accordance with the statute governing actions filed without the prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Following a review of Plaintiff's complaint, I recommend the Court dismiss the matter.

**DISCUSSION**

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding without prepayment of fees, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under §

1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

"A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

Plaintiff claims that Defendant deprived Plaintiff of his due process rights during the sentencing and appellate stages of a criminal prosecution that resulted in Plaintiff's incarceration. Plaintiff's claim is barred by the immunity afforded prosecutors. As the court in *Beaulieu v. Quay*, No. 11-cv-514-JL, 2021 WL 1676993 (D. N.H. April 4, 2012), explained,

> Prosecutors are entitled to absolute immunity from lawsuits brought against them for their "prosecutorial actions that are 'intimately associated with the judicial phase of the criminal process.'" *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "[A]dvocacy in connection with a bail application" is a prosecutorial act protected by absolute immunity." *See Root v. Liston*, 444 F.3d 127, 131 (2d Cir. 2006); *see also, Barreto v. Cnty of Suffolk*, No. 10-789-cv, 2021, WL 169778, at *1 (2d Cir. Jan. 12, 2012) (prosecutor who appears in court regarding a bail issue entitled to absolute immunity from suit (citing *Imbler*, 424 U.S. at 430-31)); *Wiltshire v. Williams*, No. 10 Civ. 6947, 2021 WL 899383, *5 (S.D.N.Y. Mar. 16, 2012) (prosecutor making bail request entitled to absolute immunity).

*Id.* at *3. Because Plaintiff's claim is based on Defendant's conduct that is directly related to the "judicial phase of the criminal process," Defendant is immune from suit. *See Donovan v. Fowle*, 762 F. Supp. 2d 186, 191 (D. Me. 2011) (Because prosecutor's actions were within the "judicial phase of the criminal process," prosecutor was immune from suit.) (citing *Van de Kamp*, 555 U.S. 335 (quoting *Imbler*, 424 U.S. at 430)). Dismissal of Plaintiff's complaint, therefore, is warranted.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss the matter.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 28th day of April, 2025.